Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
Email: yashagbllp@yahoo.com
SBN: 210248

Christopher J. Hufnagel, Esq.
*Pending Pro Hac Vice Admission*
Lonstein Law Office, P.C.
190 South Main Street, P.O. Box 351
Ellenville, NY 12428
Tel. (845) 647-8500
Fax (845) 647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

-------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,** as Broadcast Licensee of the **August 26, 2017 Mayweather vs. McGregor** Match,

                       Plaintiff,

    -against-

STEPHEN NORMAN MILLS and FRA KEPLER, Individually, and as officers, directors, shareholders, principals, managers and/or members of PRETTY

**COMPLAINT**

Civil Action No.

LADY LLC, d/b/a PRETTY LADY RESTAURANT,

and

PRETTY LADY LLC, d/b/a PRETTY LADY RESTAURANT,

Defendants.

-------------------------------------------------------

Plaintiff, JOE HAND PROMOTIONS, INC. (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because,

-2-

inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Alameda County, which is within the Northern District of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(a)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of California and certain activities of Defendants giving rise to this action took place in the State of California; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of California. Moreover, upon information and belief, Defendants have their principal place of business within the State of California; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a Pennsylvania Corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

6. By contract, Plaintiff was granted the exclusive rights of

distribution and public performance as to commercial establishments for the Mayweather vs. McGregor Match, including all undercard matches and the entire television Broadcast, scheduled for August 26, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7.  Upon information and belief the Defendant, STEPHEN NORMAN MILLS, resides in the State of California.

8.  Upon information and belief the Defendant, FRA KEPLER, resides at 3524 SE 65th Avenue, Portland, OR 97206.

9.  Upon information and belief the Defendants, STEPHEN NORMAN MILLS and FRA KEPLER, are officers, directors, shareholders and/or principals of PRETTY LADY LLC, d/b/a PRETTY LADY RESTAURANT, and are doing business as PRETTY LADY RESTAURANT located at 1733 Peralta Street, Oakland, CA 94607 (hereinafter referred to as the "Establishment").

10.  Upon information and belief the Defendants, STEPHEN NORMAN MILLS and FRA KEPLER, were the individuals with supervisory capacity and control over the activities occurring within the

-4-

Establishment on August 26, 2017.

11.     Upon information and belief the Defendants, STEPHEN NORMAN MILLS, FRA KEPLER, and PRETTY LADY LLC, received a financial benefit from the operations of PRETTY LADY LLC, d/b/a PRETTY LADY RESTAURANT, on August 26, 2017.

12.     Upon information and belief, Defendants, STEPHEN NORMAN MILLS and FRA KEPLER, were the individuals with close control over the internal operating procedures and employment practices of PRETTY LADY RESTAURANT on August 26, 2017.

13.     Upon information and belief, Defendants, STEPHEN NORMAN MILLS and FRA KEPLER were present at the Establishment during the exhibition of the Broadcast on August 26, 2017.

14.     Upon information and belief, Defendants, STEPHEN NORMAN MILLS, FRA KEPLER, and PRETTY LADY LLC, authorized the exhibition of the Broadcast at the Establishment on August 26, 2017.

15.     Upon information and belief, Defendants, STEPHEN NORMAN MILLS, FRA KEPLER, and PRETTY LADY LLC, advertised on social media, including but not limited to the Establishment's Facebook

-5-

page, for the exhibition of the Broadcast at the Establishment on and prior to August 26, 2017.

16.    Upon   information   and   belief,   Defendants,   STEPHEN NORMAN MILLS, FRA KEPLER, and PRETTY LADY LLC, charged increased food and drink prices at the Establishment on August 26, 2017.

17.    Upon information and belief, the Establishment known as PRETTY LADY RESTAURANT had an estimated fire code occupancy of 1-50 people on August 26, 2017.

18.    Upon information and belief, the Defendant, PRETTY LADY LLC, d/b/a PRETTY LADY RESTAURANT, is a business entity, the exact nature of which is unknown, having its principal place of business at 1733 Peralta Street, Oakland, CA 94607.

19.    Upon information and belief, the defendant, PRETTY LADY LLC, is a domestic corporation that was formed and is licensed to do business in the State of California.

## COUNT I

20.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "19," inclusive, as though set forth

-6-

herein at length.

21.   Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

22.   Plaintiff, or their authorized agent for commercial distribution, for a licensing fee, entered into licensing agreements with various entities in the State of California, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

23.   The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase via the internet.   Owners of commercial establishments wishing to use Plaintiff's broadcasts for their own commercial gain can surreptitiously gain access to Plaintiff's broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities.

24.   In order to view the Broadcast through a website intended for

private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

25.    Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's Broadcast and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.  Defendants also advertised for the Broadcast on Facebook and elsewhere, making their actions clearly willful.

26. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming at the commercial establishment known as PRETTY LADY RESTAURANT for commercial gain without authorization, or by such

-8-

other means which are unknown to Plaintiffs and known only to Defendants.

27.     Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.     In addition, emerging technologies, such as broadband or internet Broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.   Each of these methods

would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.  However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

28.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution and public performance rights thereto.

29.   By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

30.   By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

31.   As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendant.

-10-

32.   Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

33.   Plaintiff hereby incorporates paragraphs "1" through "19" and "21" through "27," inclusive, as though fully set forth herein.

34.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

35.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution and public performance rights as to commercial establishments thereto.

36.   Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

-11-

37. By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

38. As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

39. Plaintiff hereby incorporates paragraphs "1" through "19" and "21" through "27," and "34," inclusive, as though fully set forth herein.

40. Plaintiff is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the Broadcast, including all undercard matches and the entire television Broadcast, scheduled for August 26, 2017, via closed circuit television and via encrypted satellite signal. The Certificate of Copyright registration has been issued by the U.S. Copyright Office. See U.S. Certificate of Copyright Registration No. PA 2-066-333. The Broadcast originated via satellite

uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

41.   As a copyright holder of the above mentioned rights to the Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to publicly exhibit same.

42.   Defendants never obtained the proper authority or license from Plaintiff to publicly exhibit the Mayweather v. McGregor Broadcast on August 26, 2017.

43.   Upon information and belief, with full knowledge that the Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, Defendants and/or their agents, servants, workmen or employees illegally intercepted and/or publicly displayed the Broadcast and exhibited same in their commercial establishment on August 26, 2017.

44.   Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the Broadcast, enabling Defendants to publicly exhibit the Broadcast without

-13-

paying the appropriate licensing fee to Plaintiff.

45.   By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

46.   By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

47.   As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright by advertising and subsequently displaying Plaintiff's Broadcast, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

48.   Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants granting to plaintiff the following:

(a) Declare that Defendants' unauthorized exhibition of the August 26, 2017, Mayweather v. McGregor Broadcast, violated the Federal Communications Act and that such violations were

-14-

committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain, as Defendants advertised and subsequently displayed Plaintiff's Broadcast.

(b)    On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for their willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for their violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each Defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C).

(g) Attorney's fees, interest, costs of suit as to Defendant pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

1

2

3   Dated:   June 11, 2018

4             Ellenville, NY

5                                   **JOE HAND PROMOTIONS, INC.**

6
                                    By: /s/Christopher J. Hufnagel
7                                   CHRISTOPHER J. HUFNAGEL, ESQ.
8                                   *Pending Pro Hac Vice Admission*
                                    Attorney for Plaintiff
9                                   LONSTEIN LAW OFFICE, P.C.
10                                  Office and P.O. Address
                                    190 South Main Street : P.O. Box 351
11                                  Ellenville, NY  12428
12                                  Telephone:  (845) 647-8500
                                    Facsimile:   (845) 647-6277
13                                  Email: Legal@signallaw.com
                                    *Our File No. JHP17-01CA-17*
14

15
                                    By: /s/Yasha Bronshteyn
16                                  YASHA BRONSHTEYN, ESQ.
17                                  Bar Roll No. 210248
18                                  GINZBURG & BRONSHTEYN, LLP
                                    Resident Counsel for Plaintiff
19                                  11111 Santa Monica Boulevard
20                                  Suite 1840
                                    Los Angeles, CA 90025
21                                  Email; yashagbllp@yahoo.com
22                                  Telephone:  (310)914-3222
                                    Facsimile:   (310)914-4242
23

24

25

26

27

28                                          -16-